DAVID D. LIN (DL-3666)
LAUREN VALLI (LV-7672)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Lauren@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>*Plaintiffs*,<br><br>vs.<br><br>JOHN DOES #1-4,<br><br>*Defendants*. | Case No: 19-10121<br><br>**COMPLAINT** |

Plaintiffs Dr. Muhammad Mirza, MD, ("Dr. Mirza" or "Plaintiff Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Plaintiff Allied Medical", collectively with Dr. Mirza, "Plaintiffs") by their attorneys Lewis & Lin LLC, for their complaint against Defendants John Does #1-11, (collectively, "Defendants"), allege as follows:

**STATEMENT OF CASE**

1. This is an action for recovery of damages and injunctive relief arising from

blatant acts of defamation and tortious interference with contracts, in connection with the publishing of defamatory reviews by Defendants on Yelp.com regarding Plaintiffs.

2. Defendants created, or caused to be created, reviews for the purpose of publishing false and defamatory statements (the "Defamatory Reviews"). Defendants' Defamatory Reviews remain active and, upon information and belief, are viewed by thousands of visitors each day, and Defendants continue to defame and injure Plaintiffs with these Defamatory Reviews.

3. As a result of Defendants' misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed.

## PARTIES

4. Plaintiff Dr. Muhammad Mirza, MD ("Dr. Mirza") is a medical doctor, board-certified in internal medicine and licensed in the states of New York and New Jersey. Dr. Mirza is domiciled at 124 Eileen Drive, Cedar Grove, New Jersey 07009. Dr. Mirza is not a public official and not a public figure.

5. Plaintiff Allied Medical and Diagnostic Services, LLC ("Allied Medical," collectively with "Dr. Mirza," Plaintiffs) is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York, County of New York. Plaintiff Dr. Mirza is the sole member and principal of Plaintiff Allied Medical.

6. The true name and capacity of the Defendants sued herein as John Does #1 through 11 are unknown to Plaintiff, who sues these Defendant under such fictitious names. John Does #1 through 4 created and maintain the Internet-based, Defamatory Reviews denigrating Plaintiffs on Plaintiffs' various Yelp.com profiles. Upon information and belief, Defendants reside in the State of New York, and are engaged in commerce in the United States,

including within this judicial district. The Defamatory Reviews do not provide contact information for their respective John Doe authors. If necessary and after discovery, Plaintiffs will seek leave of court to amend this Complaint to state Defendants' true names when they are ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over the Defendants because, upon information and belief, they are residents of the State of New York.

9. This Court has further personal jurisdiction over the Defendants because they subjected themselves to this Court's jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State of New York. Defendants' false and injurious Defamatory Reviews specifically targeted and identified Plaintiffs, and have caused injury to property within the state of New York. Thus, personal jurisdiction over John Does #1 through 11 is also proper in New York pursuant to NY C.P.L.R. § 302(a).

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), since some, or all, of the conduct that is the subject of this action occurred in this district.

## BACKGROUND COMMON TO ALL CLAIMS

11. Dr. Mirza operates a successful and respected medical practice, Plaintiff Allied Medical.

12. Dr. Mirza is board-certified in internal medicine and licensed to practice medicine in New York and New Jersey. Dr. Mirza received his medical degree at the University of

Karachi in Pakistan, in 1995. After that he served as a resident at Kingsbrook Hospital in Brooklyn, New York, from 1998 to 1999, and then Overlook Hospital, in Summit, New Jersey, from 1999 to 2001. He then served as a Post-Doctoral Research Fellow at John Hopkins University Hospital in Baltimore, Maryland.

13. Dr. Mirza has decades of experience practicing medicine.

14. Dr. Mirza visits different offices on different days for the convenience of his patients, but his principal office is at 290 Madison Avenue, 6th Floor, New York, New York 10017.

15.  As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A, commonly known as (and hereinafter referred to as) "Botox," manufactured by Allergen PLC.

16. Botox has various medical applications, but most patients seek out elective treatments for cosmetic applications. Botox injection into the muscles under facial wrinkles causes relaxation of those muscles, resulting in the smoothing of the overlying skin.

17. As with many cosmetic treatments, patients often find that the results of Botox injections do not live up to their expectations.

18. While most of Plaintiffs' patients have shared their opinions in a lawful and reasonable manner, a handful of disgruntled Botox patients have chosen to voice false and defamatory accusations on Yelp.com, as described below.

## The First Defamatory Review

19. On or about October 31, 2018, Defendant John Doe #1, with the username "Ivonne L." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-new-york?hrid=RBahc66D

4

82jmEuHgMT01w&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the **"First Defamatory Review"**).

20. Specifically, the First Defamatory Review stated as follows:

> Dr Mirza is a ripoff only has been injecting for 3 years. Will tell you to give him a Yelp and google review first without meeting him so you can get 50 dollars off. **He waters down the botox**. **He will not spread the botox and will try to rush you to buy more fillers you dont need. His botox is opened not in the box do not trust him**. He has been reported has a bad consumer page just search.

21. The First Defamatory Review is false. Defendant John Doe # 1 directed the dissemination of the First Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

22. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

23. Upon information and belief, Defendant John Doe #1 published the First Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the First Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

24. It is not possible that Plaintiffs engaged in the conduct alleged in the First Defamatory Review because Plaintiffs never dilute products and do not sell or inject fillers clients do not need. Plaintiffs do not "water down" the Botox Dr. Mirza injects.

25. Accordingly, the First Defamatory Review is undeniably false.

## The Second Defamatory Review

26. On or about October 31, 2018, Defendant John Doe # 1, with the username "Ivonne L.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-9?hrid=t5uT7rvcdNyQZ7rO8Xbydw&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the **"Second Defamatory Review"**).

27. Specifically, the Second Defamatory Review stated as follows:

I guess if your a Neurologist and your not making any real Money. Doctors in NY can take classes on Botox injecting that where all the money is at and call yourself Aesthetics. **You are unethical, people will see soon that real scam that you are. Watered down Botox, not opened in front of the client. YOU SCAM ARTIST.**

28. The Second Defamatory Review is false.  Defendant John Doe # 1 directed the dissemination of the Second Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

29. The above statements are knowingly and materially false, and were made to defame the Plaintiffs.

30. Upon information and belief, Defendant John Doe #1 published the Second Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Second Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

31. It is not possible that the allegations in the Second Defamatory are true because Plaintiff Dr. Mirza is a licensed and experienced medical professional and not a "scam artist" or

"unethical." Plaintiffs operate a legitimate business. Plaintiffs never dilute or provide "watered down" Botox products.

32. Accordingly, the Second Defamatory Review is undeniably false.

### The Third Defamatory Review

33. On or about November 5, 2018, Defendant John Doe #1, with the username "Ivonne L.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-9?hrid=t5uT7rvcdNyQZ7rO8Xbydw&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the **"Third Defamatory Review"**).

34. Specifically, the Third Defamatory Review stated as follows:

> **0 Rating the biggest scam artist Doctor I ever met.** Does not listen, he is rude, screams at you. Only has been injecting for 3 years. **His fake approach of injecting your forehead while standing is complete lie.** You will regret it trust me dont waste your money on this guy. You will see for your self then you too will be here writing a similar review. What kind of a Dr. wants you to give him a good review first to get 50 dollars off when you haven't met him yet. Dont let this man practice on you please.

35. The Third Defamatory Review is false. Defendant John Doe #1 directed the dissemination of the Third Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

36. The above statements are knowingly and materially false, and were made to defame the Plaintiffs.

37. Upon information and belief, Defendant John Doe #1 published the Third Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Third Defamatory Review bear directly on Plaintiffs' services,

professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

38. It is not possible that the allegations in the Third Defamatory Review are true because Plaintiff Dr. Mirza is a licensed and experienced medical professional and not a "scam artist." Plaintiffs operate a legitimate business. Plaintiff Dr. Mirza does not use a "fake approach of injecting" his patients' foreheads while administering treatment. He administers the fillers in a manner to increase the effect of the injected product.

39. Accordingly, the Third Defamatory Review is undeniably false.

## THE FOURTH DEFAMATORY REVIEW

40. On or about November 5, 2018, Defendant John Doe #1, with the username "Ivonne L.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/user_details?userid=BdUSZNcKWV5jjU2zL2SXrA) (the **"Fourth Defamatory Review"**).

41. Specifically, the Fourth Defamatory Review stated as follows:

> I guess if your a Neurologist and your not making any real Money. Doctors in NY can take classes on Botox injecting that where all the money is at and call yourself Aesthetics. **You are unethical, people will see soon that real scam that you are. Watered down Botox, not opened in front of the client. YOU SCAM ARTIST.** 15 years as a Doctor 3 as an injector. He wants you to write a good review without meeting him first so you can get 50 dollars off then when you get **to his back room dirty office**, he lies and rushes you out doesnt listen and its arrogant, very rude. I have never ever had a horrible experience like this. People you will regret it save your money **he is scam**!!!

42. The Fourth Defamatory Review is false. Defendant John Doe #1 directed the dissemination of the Fourth Defamatory Review in such a fashion that no reasonable person

would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

43. The above statements are knowingly and materially false, and were made to defame the Plaintiffs.

44. Upon information and belief, Defendant John Doe #1 published the Fourth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Fourth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

45. It is not possible that the allegations in the Fourth Defamatory Review are true because Plaintiff Dr. Mirza is a licensed and experienced medical professional and not a "scam artist." Plaintiffs operate a legitimate business. Plaintiff Dr. Mirza does not water down product and operates in a commercial office space, not a "back room dirty office."

46. Accordingly, the Fourth Defamatory Review is undeniably false.

## The Fifth Defamatory Review

47. On or about January 4, 2019, Defendant John Doe #2 with the username "Denise G." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-new-york?hrid=TS9-TRA5PFaRVvcViktv-A&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the **"Fifth Defamatory Review"**).

48. Specifically, the Fifth Defamatory Review stated as follows:

STAY AWAY! I posted on his NYC yelp and should have posted here. I had 80 units and went back after 1 month for a tweak which didn't work either. My daughters dermatologist told me I was ripped off! She said **the botox should not be preloaded** and **I should have checked the box and vial to look for the hologram on the box and make sure it's not expired**. DO NOT GO TO HIM

49. The Fifth Defamatory Review is false. Defendant John Doe #2 directed the dissemination of the Fifth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

50. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

51. Upon information and belief, Defendant John Doe #2 published the Fifth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Fifth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

52. It is not possible that the allegations in the Fifth Defamatory Review are true because Plaintiff Dr. Mirza does not "rip off" his patients. Plaintiffs operate a legitimate business. Dr. Mirza does not inject expired Botox. Further, Botox comes in pre-filled syringes and therefore Dr. Mirza could not have pre-loaded the syringes.

53. Accordingly, the Fifth Defamatory Review is undeniably false.

## The Sixth Defamatory Review

54. On or about January 12, 2019, Defendant John Doe #3 with the username "Jen M." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-

new-york?hrid=5DSYddZ5DLiYkXBForYswA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the **"Sixth Defamatory Review"**).

55. Specifically, the Sixth Defamatory Review stated as follows:

> **Dr of what? A PhD in anthropology? Or maybe dance theory? Or perhaps economics? Why aren't there any initials following his name? You can see him in a small closet, some closed other's doctors office, an abandoned warehouse perhaps**?? He show up w an entourage of about 4 people, suitcases and of course a hand held device to swipe your credit card. You never see a single box of product opened in front of you. Just random syringes that will be recommened in his 10 second assessment. Don't worry if u have somewhere it be in 5 minutes, yourself and two other friends you go with will all be seen and treated in 3 minutes total. **Whatever he puts in you will have little to no impact.** He travels all over the place, Long Island today, jersey tonight and Florida tomorrow afternoon. Shady doesn't even begin to describe the experience. **I haven't seen a "Dr." travel this much since Dr. Baker in little house on the prairie.**

56. The Sixth Defamatory Review is false. Defendant John Doe #3 directed the dissemination of the Sixth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

57. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

58. Upon information and belief, Defendant John Doe #3 published the Sixth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Sixth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

59. It is not possible that the allegations in the Sixth Defamatory Review are true because Plaintiff Dr. Mirza is in fact a board-certified, licensed medical doctor. Plaintiffs' patients are not treated in a "small closet" or "abandoned warehouse." Dr. Mirza visits different offices on different days for the convenience of his patients. Plaintiffs also only use authentic products and do not dilute them.

60. Accordingly, the Sixth Defamatory Review is undeniably false.

## The Seventh Defamatory Review

61. On or about December 27, 2018, Defendant John Doe #4 with the username "Brian K." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-9?hrid=v9prjokHMyTwZpjOSMGf8g&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the **"Seventh Defamatory Review"**).

62. Specifically, the Seventh Defamatory Review stated as follows:

> Horrible Service, very unprofessional ! Walked into a lobby look like warehouse sale. Waited 5 min after filled up form. I was shocked he has no professional room with proper chair. He just asked me to sit on a bench with full of brochures. Told me I need more dose than my previous doctor suggested. Tried to push me more sale. I literally sat down on the edge of the bench and head up during the whole time he gave me a quick shots on my forehead. **When he was done, just wipe off the bloods on my forehead with rough paper tower which can be found at public restroom! I just can't believe this is even legal the way he operate.**
>
> Never Ever go to this horrible dungeon services!
>
> He gave $50 discount for anyone give him 5 stars!
>
> **Totally Scammmm**

63. The Seventh Defamatory Review is false. Defendant John Doe #4 directed the dissemination of the Seventh Defamatory Review in such a fashion that no reasonable person

would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

64. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

65. Upon information and belief, Defendant John Doe #4 published the Seventh Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Seventh Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients— all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

66. It is not possible that the allegations in the Seventh Defamatory Review are true because Plaintiffs only uses medical grade supplies and materials when administering Botox and does not operate their practice in any kind of illegal manner or run any "scams".

67. Accordingly, the Seventh Defamatory Review is undeniably false.

### Damage to Plaintiffs' Reputations and Business

68. Plaintiffs had and continues to have contractual relationships with their patients, customers and vendors.

69. The Defendants scripted and caused to be disseminated the above statements in order to interfere with Plaintiffs' contractual relationships with its patients, customers and vendors, and upon information and belief, to injure Plaintiffs' business by inducing Plaintiffs' patients, customers and vendors and prospective patients to cease doing business with Plaintiffs.

70. Since the appearance of the Defamatory Reviews, several patients have claimed to have read the reviews and have called or messaged to inquire about the truth of the false statements therein and, upon information and belief, cancelled scheduled appointments with Dr. Mirza.

71. As a direct and proximate result of Defendants' defamatory conduct described herein, a number of Dr. Mirza's patients (or prospective patients) have refused to start and/or continue business with Plaintiffs.

72. While Plaintiffs' business perseveres, Defendants' campaign to defame and injure Plaintiffs have caused their patients significant concern about the propriety of Plaintiffs' medical practice, such that the trend of fewer patients is likely and the risk of losing patients is tangible. Without patients, Plaintiffs' will have no business. This damage is in addition to the permanent and irreparable harm to Plaintiff Dr. Mirza's professional and personal reputations that Defendants' defamatory conduct has caused (and will continue to cause unless enjoined).

## FIRST CAUSE OF ACTION
### [Defamation Per Se and Trade Libel]

73. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 72 as though fully set forth herein.

74. Defendants have intentionally made knowingly false statements of fact about Plaintiffs via the Defamatory Reviews.

75. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' business and reputation.

76. The aforementioned statements were false when made and Defendants knew or should have known that the statements were false when made.

77. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' personal and professional reputation. The statements were made with reckless disregard for

their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiffs.

78. The aforementioned statements where made of and concerning Plaintiffs, and were so understood by those who read Defendants' publication of them.

79. Among other statements, Defendants falsely accused Plaintiffs of: diluting Botox with water or some other improper diluent, being a "scam artist", or not actually being a licensed and/or trained medical doctor.

80. Defendants' false statements of fact tend to injure Plaintiffs in their business trade and/or profession.

81. These statements were false, and were published to third parties in this county and across the Internet.

82. As a result of Defendants' acts, Plaintiffs have suffered irreparable damage to its reputation and further damages in the form of lost sales and profits, in an amount to be determined at trial.

83. As a result of the willful and malicious nature of the defamation, Plaintiffs are entitled to punitive damages.

## SECOND CAUSE OF ACTION
**[Tortious Interference with Contractual Relations and Prospective Contractual Relations]**

84. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 72 as though fully set forth herein.

85. Plaintiffs had existing contracts with Plaintiffs' patients, customers and vendors and prospective patients, and reasonably expected that its contractual relationship these would continue into the future.

86. Defendants knew of Plaintiffs' contracts.

87. By the wrongful conduct described above, Defendants internationally and improperly interfered with Plaintiffs' contracts with Plaintiffs' patients, customers and vendors and prospective patients, and did so with the intent and purpose of damaging Plaintiffs' business and reputation.

88. Defendants' interference caused Plaintiffs' patients, customers and vendors and prospective patients confusion and to cease doing business with Plaintiffs.

89. As a result of Defendants' actions, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

90. Plaintiffs have also suffered and will continue to suffer irreparable harm in the form of damage to their reputations as a result of Defendants' conduct described herein.

91. While an award of damages may be adequate to compensate Plaintiffs for the loss of particular contracts or patients, an award of damages will not be adequate to compensate Plaintiffs for the damage to their reputations caused by Defendants. Plaintiffs have suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants awarding Plaintiffs:

1. a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from disparaging or otherwise posting defamatory comments about Plaintiffs;

2. that the Court issue an Order at the conclusion of the present matter directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiffs' reputation;

3. actual damages in an amount to be determined at trial, due to commercial defamation per se and trade libel, and an order directing Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in

conspiracy with or affiliated with Defendants, to remove, delete, or otherwise disable such posts;

4. exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

5. actual damages in an amount to be determined at trial, but in no event less than $1,000,000, due to common law tortious interference;

6. attorney's fees and costs as permitted by law; and

7. such other relief as the Court deems just and equitable under the circumstances.

Dated:    Brooklyn, New York
          October 31, 2019

Respectfully submitted,

**Lewis & Lin, LLC**

  /s/ David D. Lin
David D. Lin
Lauren Valli
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@ilawco.com
Lauren@ilawco.com
Tel. (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Plaintiffs*